Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X - DJ 2024-062C

| JAIME TORRES RIVERA | | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Salinas |
|---|---|---|
| Apelado | | |
| V. | KLAN202500346 | |
| **JORGE LUIS RIVERA BÁEZ**; JORGE RIVERA DEL PUEBLO | | Caso Núm.: SA2022CV00088 |
| Apelante | | Sobre: Daños |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 5 de septiembre de 2025.

El 23 de abril de 2025, compareció ante este Tribunal de Apelaciones, el señor Jorge L. Rivera Báez (en adelante, parte apelante o señor Rivera Báez), por medio de recurso de *Apelación.* Mediante este, nos solicita que revisemos la *Sentencia* emitida y notificada el 31 de marzo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Salinas. En virtud del aludido dictamen, el foro *a quo* declaró Ha Lugar la *Demanda* interpuesta por el señor Jaime Torres Rivera (en adelante, parte apelada o señor Torres Rivera).

Por los fundamentos que adelante se esbozan, se *confirma* el dictamen apelado.

### I

Los hechos que suscitaron la controversia de epígrafe, se remontan a una *Demanda* sobre incumplimiento de contrato, interferencia torticera y daños y perjuicios, incoada por el señor Torres Rivera, en contra del señor Rivera Báez y del señor Jorge Rivera Del Pueblo (en adelante, señor Rivera Del Pueblo). Por medio

de su petitorio, la parte apelada arguyó que, para el mes de mayo de 2020, el señor Rivera Báez le propuso crear una sociedad con fines de lucro, que se basaría en comprar varios vehículos pesados de construcción, y operarlos. Explicó que, al señor Torres Rivera le correspondería aportar el capital con el cual comprarían los vehículos a su nombre, y el señor Rivera Báez se encargaría de operarlos en diferentes proyectos para diferentes contratistas. Asimismo, acordaron que, las ganancias netas devengadas de la operación del negocio, serían divididas en partes iguales entre ambos socios. Aseguró que, cónsono a lo acordado, la parte apelada había pagado tres vehículos, en específico, una excavadora ($11,000.00), un camión marca International de color rojo, tablilla H72201 ($6,000.00) y otro, marca Mack de color azul, tablilla H86009 ($13,500.00). En su *Demanda*, la parte apelada explicó que, el camión marca Mack fue inscrito a nombre del señor Rivera Báez de forma provisional, con el compromiso de que eventualmente se traspasaría al nombre del señor Torres Rivera. No obstante, la parte apelante realizó el traspaso del aludido camión a nombre de su hijo, el señor Rivera Del Pueblo. La parte apelada, sostuvo que, los tres vehículos descritos, habían estado generando ingresos desde su adquisición, y que tanto el señor Rivera Báez como el señor Rivera Del Pueblo se mantuvieron reteniendo dichos ingresos. Añadió que, estos, le privaron de su participación y ganancias. Adujo que, existía solidaridad respecto a las actuaciones de los codemandados. De igual manera, en su *Demanda*, la parte apelada alegó incumplimiento de contrato de la parte apelante, debido al uso de los vehículos para su beneficio exclusivo, e incumplir con lo pactado. Finalmente, le solicitó al foro de primera instancia que declarara con lugar la *Demanda* y consecuentemente, le ordenara a la parte apelante el cumplimiento específico del contrato, el pago solidario

de cien mil dólares ($100,000.00), y la suma de veinticinco mil dólares ($25,000.00) por concepto de honorarios de abogado.

En respuesta, la parte apelante presentó la *Contestación a la Demanda*. Sostuvo que, el camión Mack fue adquirido con dinero del señor Rivera Báez y que, no fue producto del acuerdo de sociedad pactado. Por otro lado, instó una *Reconvención*, en la cual alegó libelo y difamación por las alegaciones del señor Torres Rivera, respecto a que la parte apelante se había apropiado ilegalmente del camión Mack. Por lo anterior, reclamó una partida de cincuenta mil dólares ($50,000.00) por daños.

Por su parte, el señor Torres Rivera presentó la *Contestaci[ó]n a Reconvenci[ó]n.*

El 7 de octubre de 2024, fue celebrado el Juicio en su Fondo. Posteriormente, el foro de primera instancia emitió la *Sentencia* cuya revisión nos ocupa. Por medio de la *Sentencia*, el Tribunal de Primera Instancia emitió las siguientes determinaciones de hechos:

1. Ratificado durante su testimonio durante el Juicio en su Fondo lo que oportunamente alegara en la Demanda, el demandante conoció al demandado en un negocio de telefonía primero, donde el segundo era cliente asiduo, allá para mayo de 2020.

2. Precisamente en el negocio del demandante, el demandado JORGE LUIS RIVERA BAEZ le propuso crear una Sociedad para la compra de varios vehículos pesados de construcción y la operación de los mismos, con fines de lucro, haciendo el demandado representaciones sobre su experiencia en el área de transporte pesado.

3. El acuerdo para la creación de dicha sociedad consistía en que el Demandante aportaría capital con el que se comprarían los vehículos a nombre de él, y el demandado operaría los mismos en diferentes proyectos y para diferentes clientes y contratistas que él ya tenía.

4. Las ganancias netas de la operación del negocio se dividirían en partes iguales entre ambos socios, el demandado y el demandante.

5. Ante las representaciones de experiencia y de lucro que le hizo el demandado es que el demandante

accedió a hacer negocios y obligarse dentro de la sociedad.

6. El demandante pagó con dinero ahorrado de las operaciones de su negocio de telefonía, tres (03) vehículos pesados. El demandado no aportó ni un solo centavo.

7. En total, el demandante pagó tres vehículos pesados: una excavadora que costó $11,000.00; un camión marca International, rojo, que costó $6,000.00; y otro camión marca Mack, azul, que costó $13,500.00.

8. Para el 10 de junio de 2022, el demandante realizó la compraventa del camión Mack azul al demandado.

9. Debido a la pandemia del COVID-19, el traspaso del camión Mack azul no se hizo a favor del demandante al momento de la compra, y se inscribió a nombre del demandado, con el compromiso de que, tan pronto obtuvieran disponibilidad de la Notaria del demandante, Lcda. Sizzette Nieves, se pondría también ese vehículo a nombre del demandante. El obstáculo para hacer el traspaso al momento de la compra del camión azul a nombre del demandante consistía en que había que realizar gestiones en la Comisión de Servicio Público, no disponibles por razón del cierre gubernamental por la pandemia.

10. El Demandante atestiguó ver a los tres vehículos anteriormente identificados realizando viajes de trabajo, lo que luego inquiría al demandado. El demandante fue privado de su participación económica según acordado.

11. Las Partes estipularon que el dueño del camión marca International rojo y de la excavadora adquirida como parte de la sociedad entre ellos, era el demandante, quien, de hecho, ostentaba la posesión y dominio de ambos.

12. Las partes establecieron un contrato de sociedad entre ellos.

En su *Sentencia*, el foro de primera instancia expresó que, le mereció entero crédito el testimonio del señor Torres Rivera y que, a través del mismo, se probaron las alegaciones de la *Demanda*. Por otro lado, mencionó que, no le mereció crédito el testimonio del señor Rivera Báez, dado a que fue esquivo, impulsivo y descompuesto.

Finalmente, la primera instancia judicial determinó lo siguiente:

POR TODO LO ANTERIOR, se declara **HA LUGAR** la Demanda de epígrafe, en su consecuencia condenando al demandado Jorge Luis Rivera Báez al pago de veinticinco mil dólares ($25,000.00) como valor de remplazo del único vehículo todavía en controversia, camión Mack color azul; y al pago de dos mil quinientos dólares ($2,500.00) por concepto de honorarios de abogado.

Inconforme, la parte apelada acudió ante este foro revisor, mediante recurso de *Apelación*, en el cual esgrimió los siguientes señalamientos de error:

1. Erró el Tribunal de Primera Instancia en la aquilatación de los hechos del caso.

2. Erró el Tribunal de Primera Instancia en la adjudicación de daños excesivos no conforme a la prueba desfilada.

El 25 de abril de 2025, emitimos *Resolución*[1] mediante la cual, entre otras cosas, ordenamos lo siguiente:

En vista de que surge del recurso ante nos, que se cuestiona la apreciación que de la prueba hiciera el Tribunal de Primera Instancia, se ordena a la parte apelante que en el término de **diez (10) días**, contados a partir de la presentación de la apelación, acredite el método de reproducción de la prueba oral que se propone utilizar, según establecido en la Regla 29 del Reglamento de este Tribunal[2].

Mediante *Resolución* emitida el 20 de mayo de 2025 dispusimos lo que sigue:

Habida cuenta de que la Secretaría del Tribunal de Primera Instancia nos informó que el 19 de mayo de 2025 entregó a la representación legal de la parte apelante, la regrabación del juicio celebrado el 7 de octubre de 2024, la parte apelante dispone hasta el **miércoles 18 de junio de 2025** para presentar la Transcripción de la Prueba Oral y notificar copia de esta a la parte apelada.

A su vez, la parte apelada dispone hasta el **martes 8 de julio de 2025** para objetar la Transcripción de la Prueba Oral. Transcurrido el término dispuesto sin que se haya objetado la Transcripción de la Prueba Oral, se acogerá la misma como estipulada por las partes.

---

[1] El 12 de mayo de 2025, emitimos *Resolución* enmendada.
[2] 4 LPRA Ap. XXII-B, R.29.

En igual fecha, la parte apelante presentó *Moción Solicitando Autorización para Presentar Exposición Estipulada de Regrabación de Juicio en su Fondo Celebrado en el TPI el 7 de octubre de 2024.*

Así las cosas, el 21 de mayo de 2025, este Tribunal emitió *Resolución,* en virtud de la cual se dispuso lo siguiente:

> Mediante nuestra *Resolución* del 20 de mayo de 2025, le concedimos a la parte apelante término hasta el 18 de junio de 2025 para presentar la Transcripción de la Prueba Oral.
>
> Este Tribunal permitirá la presentación de una Exposición Narrativa de la Prueba Estipulada, siempre y cuando propicie una rápida adjudicación del pleito, tal y como asevera. Esto es, la Exposición Narrativa de la Prueba Estipulada se aceptará si es presentada con antelación a la fecha dispuesta para presentar la Transcripción de la Prueba Oral.
>
> De no presentarse la Exposición Narrativa de la Prueba Estipulada, según lo aquí dispuesto, la parte apelante deberá cumplir con someter la Transcripción de la Prueba Oral, conforme a lo ordenado en nuestra *Resolución* del 20 de mayo de 2025.

El 22 de julio de 2025 este foro emitió *Resolución* en la cual se dispuso:

> Ante el incumplimiento de la parte apelante con nuestra *Resolución* del 21 de mayo de 2025, dicha parte dispone del término **final e improrrogable** hasta el **jueves 31 de julio de 2025** para someter la Exposición Narrativa de la Prueba Estipulada o la Transcripción de la Prueba Oral Estipulada, so pena de considerarse renunciado todo señalamiento de error cuya adjudicación dependa parcial o totalmente de una evaluación de la prueba oral.

Debido a que la parte apelante incumplió con lo previamente ordenado, el 11 de agosto de 2025, emitimos *Resolución* donde expresamos lo siguiente:

> En vista del incumplimiento de la parte apelante con nuestras Resoluciones del 21 de mayo de 2025 y 22 de julio de 2025, se tiene por renunciado todo señalamiento de error que dependa parcial o totalmente de una evaluación de la prueba oral.
>
> La parte apelada dispone hasta el **miércoles 10 de septiembre de 2025** para oponerse al recurso. Transcurrido el término dispuesto se tendrá el recurso por perfeccionado para su adjudicación final.

Por no entender necesaria la comparecencia de la parte recurrida, prescindimos de esta[3].

**II**

**A. Deferencia Judicial**

Según es sabido, las determinaciones de hechos y de credibilidad del tribunal sentenciador deben ser merecedoras de gran deferencia por parte de los foros apelativos, puesto que, el juzgador de instancia es quien –de ordinario– se encuentra en mejor posición para aquilatar la prueba testifical. *Pueblo v. Hernández Doble,* 210 DPR 850, 864 (2022); *Santiago Ortiz v. Real Legacy et al.,* 206 DPR 194, 219 (2021); *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 770-771 (2013); *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 289 (2011); *SLG Rivera Carrasquillo v. AAA,* 177 DPR 345, 356 (2009). Bajo este supuesto, los foros de primera instancia tienen la oportunidad de oír, ver y apreciar el comportamiento de los testigos. *Pueblo v. Hernández Doble,* supra, pág. 864; *Santiago Ortiz v. Real Legacy et al.,* supra, pág. 219; *Meléndez Vega v. El Vocero de PR,* 189 DPR 123, 142 (2013).

No obstante, la deferencia judicial no es absoluta, pues podrá ser preterida en ciertas instancias. Nuestro Máximo Foro ha reiterado que, los tribunales apelativos no debemos intervenir con las determinaciones ni las adjudicaciones de los juzgadores de primera instancia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto. *Pueblo v. Hernández Doble,* supra, pág. 864; *Santiago Ortiz v. Real Legacy et al.,* supra, pág. 219; *Santiago Montañez v. Fresenius Medical,* 195 DPR 476, 490 (2016); *Dávila Nieves v. Meléndez Marín,* supra, pág. 753; *Rodríguez et al. v.*

---

[3] En virtud de la Regla 7(C) del Reglamento del Tribunal de Apelaciones, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

*Hospital et al.*, 186 DPR 889, 908-909 (2012); *SLG Rivera Carrasquillo v. AAA*, supra, pág. 356.

Como sabemos, "[l]a tarea de determinar cuándo un tribunal ha abusado de su discreción no es una fácil. Sin embargo, no tenemos duda de que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad." *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). Véase, además, *Pueblo v. Rivera Montalvo*, 205 DPR 352, 373 (2020); *Umpierre Matos v. Juelle, Mejía*, 203 DPR 254, 275 (2019), citando a *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). Es por lo que, nuestra más Alta Curia ha definido la *discreción* como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Pueblo v. Rivera Montalvo*, supra, citando a *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016); *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435, citando a *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009). Así, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna." *Citibank et al. v. ACBI et al.*, supra, citando a *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435; *HIETel v. PRTC*, 182 DPR 451, 459 (2011); *Santa Aponte v. Srio. del Senado*, 105 DPR 750, 770 (1977). Ello "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho." *SLG Zapata-Rivera v. J.F. Montalvo*, supra, pág. 435, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997); *HIETel v. PRTC*, supra, pág. 459, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, supra.

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

En su primer señalamiento de error, la parte apelante sostiene que, el foro *a quo* incidió al aquilatar los hechos del caso.

Como segundo señalamiento de error, la parte apelante aduce que, el foro de primera instancia erró al adjudicar daños excesivos, no conforme a la prueba desfilada.

Habida cuenta de que, en los dos señalamientos de error reseñados, la parte apelante ataca la apreciación de la prueba, al no contar con la exposición narrativa u otro método de reproducción de prueba, no nos colocó en posición de variar el dictamen del foro primario.

De hecho, hacemos referencia a la *Resolución* emitida el 22 de julio de 2025, donde le apercibimos a la parte apelante que, contaba con el término final e improrrogable hasta el 31 de julio de 2025, para someter la Exposición Narrativa de la Prueba Estipulada o la Transcripción de la Prueba Ora Estipulada, so pena de considerarse renunciado todo señalamiento de error cuya adjudicación dependa parcial o totalmente de una evaluación de la prueba oral. Pese a lo anterior, la parte apelante incumplió con lo ordenado, y el 11 de agosto de 2025, mediante *Resolución* determinamos que, se tenían por renunciado todo señalamiento de error que dependiera parcial o totalmente de una evaluación de la prueba oral.

El Reglamento de este Tribunal dispone que, en las instancias en las que la parte apelante hubiera señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de esta por parte del foro apelado, deberá reproducir la prueba oral, de conformidad con lo dispuesto en la

Regla 76 del Reglamento.[4] Lo anterior, tiene el propósito de colocarnos en posición de evaluar la prueba que el foro apelado tuvo ante sí y determinar, si en efecto, se equivocó en su apreciación.

Al examinar los señalamientos de error propuestos por la parte peticionaria y el expediente ante nuestra consideración, colegimos que, las determinaciones de hechos esbozadas por el foro primario están sostenidas en la prueba que el juzgador de instancia tuvo ante sí.

Es nuestra postura que, las determinaciones de hechos y de credibilidad del tribunal sentenciador deben ser merecedoras de gran deferencia por parte de los foros apelativos, puesto que, el juzgador de instancia es quien – de ordinario – se encuentra en mejor posición para aquilatar la prueba testifical.[5] Tal deferencia podrá ser preterida cuando medie pasión, prejuicio, parcialidad o error manifiesto.[6]  En el caso de marras, la parte peticionaria no logró demostrar la existencia de pasión, prejuicio, parcialidad o error manifiesto.

Conforme a lo anterior, razonamos que, no se cometieron los errores señalados.

## IV

Por los fundamentos que anteceden, se *confirma* el dictamen apelado.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[4] Regla 19 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.
[5] *Pueblo v. Hernández Doble,* supra, pág. 864.
[6] *Íd.*; *Santiago Ortiz v. Real Legacy et al.*, supra, pág. 219.